FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2010 NOV 15 PM 1:21
CLERK R. Cook
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| CAMPANELLA D'ANGELO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: CV610-050 |
| ) | |
| VANESSA O'DONNELL, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Campanella D'Angelo ("D'Angelo"), an inmate currently incarcerated at the Valdosta State Prison Annex in Valdosta, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in the Superior Court of Screven County. Respondent filed an Answer-Response and a Motion to Dismiss. D'Angelo has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

D'Angelo was convicted in November 2008 of three (3) counts of child molestation and one (1) count of sexual battery. D'Angelo was sentenced in January 2009 to 15 years' imprisonment. D'Angelo's counsel filed a motion for a new trial, and D'Angelo filed *pro se* notices of appeal in January 2009.[1] The trial court directed the

---

[1] D'Angelo was represented by a member of the public defender's office, who filed a motion to withdraw as counsel after D'Angelo filed his notices of appeal. The trial court granted this motion in May 2009.

AO 72A
(Rev. 8/82)

Clerk of Court to send D'Angelo's notice of appeal to the Georgia Court of Appeals, and this notice was docketed on February 16, 2010. (Doc. No, 10-1, pp. 1-2). D'Angelo also filed a petition for writ of habeas corpus in the Superior Court of Charlton County in April 2009. The Charlton County Superior Court dismissed D'Angelo's petition on February 18, 2010, due to the petition being premature in light of D'Angelo's pending appeal. (Resp't's Ex. 8).

In this petition, which was signed on May 31, 2010, and filed on June 8, 2010, D'Angelo asserts that his conviction violates the Fourth and Sixth Amendments of the Constitution. D'Angelo also asserts that he was denied equal protection during the pre-trial stage of his prosecution. D'Angelo contends that his trial counsel was ineffective. D'Angelo avers that he was not able to file his appellate brief because he did not have transcripts from his trial and three (3) hearings.

Respondent asserts that D'Angelo's petition should be dismissed because he has failed to exhaust his available state remedies.

## DISCUSSION AND CITATION OF AUTHORITY

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

---

Another member of the public defender's office was appointed to represent D'Angelo, and this attorney was permitted to withdraw as counsel in November 2009. (Doc. No. 10-1, pp. 1-2).

AO 72A
(Rev. 8/82)

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839-40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) (citing Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003)). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) and (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441

3

F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

There is no evidence that D'Angelo exhausted his state remedies before he filed his petition in this Court. As noted above, D'Angelo was sentenced in January 2009, and, thereafter, he filed a notice of appeal; in the meantime, his counsel at the time filed a motion for a new trial with the trial court. In November 2009, the trial court directed that D'Angelo's notice of appeal be sent to the appellate court. (Resp't's Ex. 2). D'Angelo's notice of appeal was docketed in the Georgia Court of Appeals on February 16, 2010 (Appeal Number A10A1156), and the Georgia Court of Appeals dismissed D'Angelo's appeal on August 26, 2010. That court denied D'Angelo's untimely motion for reconsideration on September 13, 2010. The remittitur date was October 28, 2010.[2] In the meantime, D'Angelo filed a petition for writ of habeas corpus, as amended, in the Charlton County Superior Court on April 23, 2009 (Resp't's Ex. 5), which was dismissed on February 18, 2010, after a hearing because D'Angelo's direct appeal was pending. (Resp't's Exs. 7-8). D'Angelo's federal petition is dated May 28, 2010, and the petition was filed in this Court on June 8, 2010. D'Angelo filed this petition before he exhausted his state court remedies, and this Court is without jurisdiction to entertain his petition. 28 U.S.C. § 2254(b)(1).

---

[2] www.gaappeals.us/docket/results_one_record.php?docr_case_num=A10A1156.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**, and that D'Angelo's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 15th day of November, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)